**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL NEUMANN and
KATHERINE NEUMANN,

             Plaintiffs - Appellants,

     v.

ALLSTATE INSURANCE COMPANY,
business entity form unknown,

             Defendant - Appellee.

No. 14-55275

D.C. No. 2:12-cv-10714-SJO-SH

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 8, 2016
Pasadena, California

Before: FARRIS, CLIFTON, and BEA, Circuit Judges.

    Plaintiffs Michael and Katherine Neumann appeal the district court's grant

of summary judgment in favor of defendant Allstate Insurance Company. We

affirm.

---

     *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

With respect to the breach of contract claim, under California law, "[t]he standard elements of a claim for breach of contract are: (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall St. Network, Ltd. v. New York Times Co.*, 80 Cal. Rptr. 3d 6, 12 (Ct. App. 2008) (citation omitted). After invoking the insurance contract's appraisal clause, the Neumanns were required to "appoint and pay a qualified appraiser." The district court concluded that the retired judge appointed by the Neumanns was not a "qualified appraiser" within the meaning of the contract term, and that their nonperformance barred their breach of contract claim. We agree.

The Neumanns contend that the retired judge was "extremely knowledgeable in the adjudication and resolution of all types of disputes, including property damage claims," but serving as a judge does not qualify a person as an expert as to each and every subject matter that might have been litigated before the judge. The Neumanns failed to produce any evidence that he had knowledge or experience in appraising damaged automobiles. While acting as the appointed appraiser, he did nothing to indicate that he possessed the required expertise. Rather than appraising the damages himself, he simply adopted the estimate prepared by Eli's Auto Body.

The Neumanns also contend that whether the retired judge was a "qualified appraiser" was a triable issue of material fact that should have been left for a jury. Under California law, "[i]nterpretation of an insurance policy presents a question of law governed by the general rules of contract interpretation." *Davis v. Farmers Ins. Grp.*, 35 Cal. Rptr. 3d 738, 742 (Ct. App. 2005) (citation omitted). The term in question was not actually negotiated between the parties, so there was no relevant evidence beyond the words of the contract. Similarly, there was no conflicting evidence offered as to the judge's expertise. There was no genuine dispute as to material fact for a jury to resolve.

With respect to the claim that Allstate breached the covenant of good faith and fair dealing, we agree with the district court that the Neumanns failed to establish the necessary elements. Where the withholding of benefits is the basis for an allegation of bad faith, a plaintiff must establish that (1) benefits due under the policy were withheld, and (2) the reason for withholding benefits must have been unreasonable or without proper cause. *Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 255 (Ct. App. 1990). The Neumanns claim that Allstate's conduct during the appraisal process caused unreasonable delay and constituted bad faith. We disagree.

The Neumanns argue that Allstate delayed the appraisal process by failing to select its own appraiser. Even if Allstate failed to use the word "appraiser" in its correspondence with the first person it appointed, it is undisputed that Allstate arranged for him to prepare an estimate of the damage sustained by the automobile. His refusal to inspect the vehicle at Eli's may have delayed the process, but the duration of that delay was not substantial, and the Neumanns failed to establish that Allstate should have anticipated that problem or sought to take advantage of it. To the contrary, Allstate worked for several weeks in an attempt to transport the automobile at its own expense. When that effort failed, Allstate appointed a new appraiser, who inspected the vehicle and provided his appraisal within a reasonable time period. The substantial delay thereafter was the result of the Neumanns' refusal to participate in the appraisal process.

**AFFIRMED.**

*Neumann v. Allstate Insurance Co.*, 14-55275

BEA, J., concurring in part and dissenting in part:

I agree with the majority that the district court correctly granted summary judgment in favor of Allstate on the Neumanns' claim that Allstate breached the covenant of good faith and fair dealing.

I think the district court erred, however, in determining that the retired judge was not qualified to serve as the Neumanns' appraiser as a matter of law and therefore that the Neumanns were not performing their obligations under the contract. The issue was not whether the Neumanns' designated appraiser was qualified to express an opinion as an expert witness per Federal Rule of Evidence 702, which would be a preliminary issue to be resolved by the trial judge. Rather, the sole issue here was whether the retired judge's qualification under the terms of the contract presents an issue of fact for the jury. The contract requires only that each party "will appoint and pay a qualified appraiser . . . . Each appraiser will state the actual cash value and the amount of loss."

Drawing all reasonable inferences in favor of the Neumanns, the non-movants, there is a triable issue of fact as to whether the retired judge was a "qualified" appraiser, i.e., one capable of estimating the amount of damage to the Bentley. The word "qualified" means "having qualities or possessing accomplishments which fit one for a certain end, office, or function." OXFORD ENGLISH DICTIONARY (2016 Oxford University Press). The retired judge declared that he has "vast experience

with and [is] extremely knowledgeable in the adjudication and resolution of all types of disputes, including property damage claims." He also declared that "[f]ollowing my agreement to serve as the appraiser . . . , I invested a substantial number of hours in my role as an appraiser including reviewing the policy language, the various estimates of damage prepared by Allstate and Eli's Body Shop, the location to which the vehicle was towed, as well as correspondence between the parties as to the amount of the loss." He also declared that "[a]s of mid-September 2012 . . . I . . . was ready to submit my evaluation as to the amount of loss."

Since the judge's lack of qualification was the only ground given by the district court for rejecting the Neumanns' breach of contract claim, I would reverse the district court's order granting summary judgment to Allstate on this claim.